THE BANK OF AMERICUS, plaintiff in error, *vs.* THOMAS L. ROGERS, defendant in error.

1. The case of *Phillips vs. Dodge* (*8 Georgia Reports, 51*) was virtually overruled by the same judges that decided it, (see *12 Georgia Reports,* 615;) and consequently there is no binding authority to the effect that a note payable in specific articles cannot be sued upon in the short form authorized by the act of 1874.

2. Such a note can be sued upon in that form; and if there be a cause of action plainly apparent from the declaration and the copy note annexed to it, the pleadings will be sufficient.

3. If the cause of action be defectively set forth, the declaration is amendable.

Promissory notes. Pleadings. Amendment. Before Judge JAMES JOHNSON. Marion Superior Court. April Term, 1875.

The Bank of Brunswick brought complaint in the statutory form against Thomas L. Rogers on the following note, a copy of which was annexed to the declaration:

"On or before the 15th day of January next, I promise to deliver to Eleazor Taylor or bearer, five bales of lint cotton

of medium value, each weighing five hundred pounds, at Buena Vista, Marion county, Georgia, for the purchase of lots of land numbers one hundred and seventy-three and one hundred and forty-eight, in the fourth district of Marion county. This the 28th day of November, 1873.

(Signed)                          "THOMAS L. ROGERS."

The declaration simply alleged that the defendant was indebted to the plaintiff in the sum of $500 00, besides interest, on a promissory note dated November 28th, 1873, and due on January 15th, 1874, which the latter refused to pay; wherefore process was prayed, etc.

The defendant demurred to the declaration. The demurrer was sustained and the plaintiff excepted.

Before the order sustaining such demurrer was entered, plaintiff proposed to amend by alleging the value of the cotton mentioned in the note, at the time and place specified for its delivery. This the court refused to permit and plaintiff again excepted.

Error is assigned upon each of the above grounds of exceptions.

E. H. WORRILL; GUERRY & SON, for plaintiff in error.

BLANDFORD & GARRARD; E. M. BUTT, for defendant.

BLECKLEY, Judge.

The declaration, read in connection with the copy-note attached, was good at first. But, at all events, it was amendable. The head-notes state the law of the case.

Judgment reversed.